**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1254

———————

LEROY MASSEY, JR.,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:23-cv-02135)
District Judge: Honorable Mark R. Hornak

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on September 18, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Opinion filed: September 25, 2025)

_____

OPINION*

_____

AMBRO, *Circuit Judge*

Leroy Massey, Jr. applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. He alleged that he was disabled since March 2021, which made it impossible for him to work. An administrative law judge (ALJ) concluded, however, that Massey was not disabled and could return to his prior work with minor accommodations. Massey appealed, and the District Court affirmed the ALJ's decision. This appeal followed. Because substantial evidence supported the ALJ's decision, we affirm.

## I. BACKGROUND

Massey used to work as a parking-lot attendant. In early 2021, he applied for supplemental security income, alleging that he was disabled by several physical and mental impairments, including back problems, arthritis, depression, hypertension, post-concussion syndrome, neuropathy, chronic headaches, spinal stenosis, temporomandibular joint dysfunction, and anxiety.

At his administrative hearing, Massey testified that his impairments made walking and sitting for any length of time difficult. The ALJ also heard testimony from a vocational expert, who classified Massey's parking-attendant job as unskilled, light-exertion work and concluded that someone with Massey's traits and restrictions would still be capable of the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

job. In her view, someone with Massey's impairments could walk with a cane, lift up to 10 pounds, sit and stand for up to six hours each, and still perform all the job duties required of a parking-lot attendant. The ALJ credited the vocational expert's testimony and found that Massey was ineligible for benefits because he remained capable of unskilled, light-exertion work.

Massey sought review from the Social Security Administration Appeals Council. When it denied his request for review, he filed a civil action in the District Court, contending that the ALJ erred in concluding that he could perform his past relevant work. The District Court, however, held that the ALJ's findings were supported by substantial evidence. It also pointed out a misunderstanding in Massey's claim. Massey argued that the ALJ never found he could work a full eight-hour work day—only that he could sit or stand for six hours. But his previous job required that he work more than six hours. The District Court observed, however, that Massey misunderstood the ALJ's finding, which was that he could stand or walk for up to six hours *and also* sit for up to six hours. He timely appealed to us.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g), and we have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291. We review the Commissioner's findings for substantial evidence, 42 U.S.C. § 405(g)—the amount of evidence "a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted)). "[W]hatever the

3

meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

### III. DISCUSSION

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a five-step test. For the disputed period, the ALJ assesses whether the claimant:

1. was working;
2. had a severe impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other work.

20 C.F.R. § 404.1520. Before Step 4, the ALJ assesses the claimant's residual functional capacity—essentially, the most work he could do despite his limitations. *Id.* Massey makes two main arguments before us, both targeting the ALJ's residual-functional-capacity analysis.

*First*, Massey repeats his argument that the ALJ found he could work for only six hours a day, not eight. But as the District Court explained, he is wrong. The ALJ determined that Massey could sit or stand for up to six hours, *each*. [1] Massey also argues that the ALJ did not raise the issue of the six-hour limitation with the vocational expert. But the hearing transcript shows that they did discuss the appropriateness of a light-work designation, which by definition permits up to six hours of standing or walking.

---

[1] Massey also continues to point to elements from the Medical-Vocational Guidelines (commonly known as the "grid rules") that he thinks should have led the ALJ to a different conclusion. But as the District Court also noted, the grid rules do not apply until Step 5 of the process, when considering alternate work options.

*Second*, Massey argues that a regulatory change in effect two years after the ALJ's decision retroactively makes it erroneous. But Massey never made this argument before the District Court, so he forfeited it. *See Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").[2]

\*     \*     \*

The ALJ heard testimony from a qualified vocational expert and compared notes from some eight doctors that had evaluated Massey. He determined that a hypothetical claimant with Massey's physical limitations—able to sit or stand for up to six hours each, walk with a cane, and lift up to 10 pounds—could perform the parking-attendant job. Our role is not to "weigh the evidence or substitute [our own] conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Because the facts presented at Massey's hearing could lead a reasonable mind to the ALJ's conclusion, we affirm.

---

[2] And even if the argument were preserved, it would likely fail because the regulatory change Massey points is probably nonretroactive. The Commissioner has noted that the change would apply "to all claims newly filed and pending beginning on June 22, 2024." Social Security Ruling 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024).